UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

TIMOTHY JACOB BARR,

Plaintiff,

v. No. 1:25-cv-01263-JDB-jay

CITY OF HUMBOLDT et al.,

Defendants.

---

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND DENYING IT IN PART

---

Before the Court are the objections of Plaintiff, Timothy Jacob Barr, to the report and recommendation of Magistrate Judge Jon York. (Docket Entry ("D.E.") 18.)[1] The report recommended that this Court dismiss without prejudice Plaintiff's Fourteenth Amendment claims (Counts IV, V, and VI) and Defendant, City of Humboldt, and, as to the remaining claims, direct the Clerk to issue process for the remaining Defendants and deliver process to the Marshal for service. For the foregoing reasons, the report is ADOPTED in part and DENIED in part.

I. BACKGROUND

This case arose out of an alleged traffic stop that took place on September 21, 2025. (D.E. 15 at PageID 252.) Barr avers that Officer Jonnie Yarbrough initiated the traffic stop due to a non-functioning tag light. (*Id.* at PageID 255.) After two additional officers arrived at the scene,

---

[1] Plaintiff filed a motion for extension of time to file objections to the report and recommendation on September 10, 2026 "solely as a precaution against delay in the United States mail." (D.E. 19 at PageID 320.) However, Plaintiff filed his objections that same day and they were timely. (*See* D.E. 19.) Accordingly, the motion for extension of time to file objections (D.E. 19) is DENIED AS MOOT.

Yarbrough asked for Plaintiff's consent to search his vehicle, which he gave. (*Id.* at PageID 255-56.) The search did not yield any evidence of a crime and Yarbrough proceeded to perform field sobriety tests. (*Id.* at PageID 256.) After stating that Plaintiff performed poorly on the tests, Yarbrough arrested and later charged him with a DUI. (*Id.* at PageID 256-57.)

Plaintiff filed this suit against the City of Humboldt and various city employees challenging the conduct surrounding his arrest (*id.* at 270-71) and alleging interference with his attempts to defend his criminal charge. (*Id.* at PageID 272-85.) While Barr's DUI charge was pending at the time he filed his complaint and subsequent amended complaints, he has since pleaded guilty. (D.E. 18 at PageID 311.)

## II. STANDARD OF REVIEW

When an objection is made to a magistrate judge's recommendation, the district judge must apply a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Under such a review, the district judge may accept, reject, or modify any of the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *United States v. Raddatz*, 447 U.S. 667, 673–74, 680 (1980); *Lyons v. Holden-Selby*, 729 F. Supp. 2d 914, 918 (E.D. Mich. 2010). A district judge is free to follow or ignore the recommendation and retains "the responsibility to make an informed, final determination . . . ." *Mathews v. Weber*, 423 U.S. 261, 271 (1976). Moreover, this Court is not obligated to review any portion of the recommendation to which no specific objection is made. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Robinson*, 352 F. App'x 27, 28–29 (6th Cir. 2009).

## III. ANALYSIS

Plaintiff objects only to the recommendation that Counts IV and VI be dismissed in full. (D.E. 18 at PageID 311; *see also id.* at PageID 316 (stating "Plaintiff does not object to the

recommended dismissal of Count V in its entirety without prejudice" despite earlier objections).) He instead asks the Court to "dismiss only the damages components of those counts while permitting the prospective declaratory and injunctive relief components to proceed." (*Id.* at PageID 311.) He first argues that such relief is permissible under recent case law and then asserts that Count VI, specifically, should survive screening to the extent it is predicated on First Amendment arguments. (*Id.* at PageID 312, 314.) The Court addresses both arguments below.

A. Whether Counts IV and VI Should Proceed Under *Olivier v. City of Brandon*

Barr agrees with the recommendation to dismiss his request for monetary damages under Counts IV and VI. (*See id.* at PageID 312.) However, he asks the court to sever it from his request for declaratory and injunctive relief, arguing that the non-monetary relief is prospective in nature and therefore permissible under *Olivier v. City of Brandon*, 607 U.S. 552 (2026). (*Id.* at PageID 313-14.)

In *Olivier*, the United States Supreme Court held that a plaintiff could "sue under § 1983 to enjoin future prosecutions under [a] city ordinance, despite his prior conviction" under the same ordinance. 607 U.S. at 567. This was because the plaintiff was not concerned with challenging his prior conviction and only sought to prevent future enforcement of the ordinance. *Id.* at 566. The Supreme Court determined that where a plaintiff's § 1983 suit is "[b]oth in the allegations made, and in the relief sought . . . future-oriented," it may proceed. *See id.*

Barr seeks identical relief under Counts IV and VI: "an order requiring the City of Humboldt to designate a Public Records Coordinator under [Tennessee Code Annotated] § 10-7-504(a)(1), [to] establish written public records policies, train employees on public records law, produce records responsive to Plaintiff's requests going forward, and establish independent internal affairs procedures." (D.E. 18 at PageID 313.) His assertion that this requested relief does

not require "looking back to conduct involved in a prior conviction, and offering contradictory proof" is correct. *See Olivier*, 607 U.S. at 566. Consequently, the remedy sought may be considered "future-oriented."

However, the allegations stated in the complaint cannot be considered as such. Under Counts IV and VI, Barr's assertion was solely to support the criminal defense of his DUI charge by alleging deliberate withholding of exculpatory evidence, denial of access to courts, and fabrication of evidence. (*See* D.E. 15 at PageID 277-79, 282, 284-85.) He acknowledges that, following his guilty plea to the DUI charge, these claims are no longer viable. (D.E. 18 at PageID 312.) *See also Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (holding a *Brady* claim is analogous to malicious prosecution of which "termination of the prior criminal proceeding in favor of the accused" is an element (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994))). However, his requests for relief are still attached to these Fourteenth Amendment claims, thus necessarily challenging his conviction. Otherwise, there is no injury.

Unlike *Olivier*, where the plaintiff had plans to engage in the specific conduct prohibited by the challenged ordinance, Barr's only reasoning to request records would be to challenge his conviction, which would, in its nature, require a retrospective inquiry. To the extent that he argues he may have a future need to engage with the public records process outside of the allegations in his complaint, or that he merely wants to hold the City of Humboldt accountable, issues of standing arise. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408, 410 (2013) (holding plaintiffs must establish standing to sue in federal court which requires a "threatened injury [to] be certainly impending"); *Yeager v. Gen. Motors Corp.*, 265 F.3d 389, 395 (6th Cir. 2001) (ruling "[plaintiff's] claim of potential future injury [was] too speculative to grant him standing"). Accordingly, the objections that rely on an *Olivier* theory are OVERRULED.

B. Whether Count VI Should Proceed if Predicated on First Amendment Violations

Plaintiff asserts that Count VI can proceed as a "claim predicated on the First Amendment retaliation violations alleged" earlier in his complaint. (D.E. 18 at PageID 314.) The pleading requirements of Federal Rule of Civil Procedure 8, and the standard established under *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), place "an emphasis on the facts pled rather than the title of the legal remedy asserted." *West v. Americare Long Term Specialty Hosp.*, No. 2:10-cv-02064-JPM-dkv, 2010 WL 2985798, at *3 (W.D. Tenn. July 26, 2010). Thus, the Court "must look to the substance of the claim and not limit [its] review to how the plaintiff pleaded the cause of action." *Milligan v. United States*, 670 F.3d 686, 695 (6th Cir. 2012).

Although Plaintiff does not expressly incorporate the First Amendment retaliation claims under Count VI, he does so as to earlier paragraphs which include retaliation violations. (D.E. 15 at PageID 282; *see id.* at PageID 257-70.) Barr also asserts retaliation violations under Count VI. (*Id.* at PageID 283-84.) The Court therefore finds these "allegations to be sufficient to provide [City of Humboldt] with notice under [Federal Rule of Civil Procedure] 8." *See In re Nat'l Prescription Opiate Litig.*, 440 F. Supp. 3d 773, 803-04 n. 30 (N.D. Ohio 2020).

Still, municipal liability under § 1983 only arises when a local government's official policy or custom acts "as the moving force of the constitutional violation" presented by the plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Otherwise stated, the City of Humboldt cannot be vicariously liable under § 1983 for the injuries caused exclusively by its employees or agents. *See id.* Instead, Plaintiff must demonstrate that an official policy or custom has been established either (1) by a government's lawmakers; (2) through "actions taken by officials with final decision-making authority;" (3) as a result of "inadequate training or supervision;" or (4) due to "a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of*

*Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Barr insists that the City of Humboldt is engaging in an "official policy of noncompliance" with Tennessee law by failing to designate a Public Records Coordinator which has allowed the First Amendment violations to occur. (D.E. 15 at PageID 282-83.) He also maintains that decisions made by the City Mayor and the Chief of Police resulted in First Amendment violations and because these officials were "final policymaker[s]," their actions constituted an official municipal policy. (*Id.* at PageID 283.) He further avers that the City of Humboldt was aware of free public records training but elected not to utilize it, leading to the alleged constitutional violations. (*Id.* at PageID 284.) At the initial screening stage, these allegations are sufficient to establish *Monell* liability. Accordingly, Plaintiff's Count VI is permitted to proceed, only insofar as it is predicated on allegations of First Amendment retaliation violations.

CONCLUSION

For the above stated reasons, the Court ADOPTS the report and recommendation (D.E. 16) in part and DENIES it in part. Plaintiff's Fourteenth Amendment claims, Counts IV and V, are DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to issue process for Defendants as to the remaining claims and deliver that process to the Marshal for service.

IT IS SO ORDERED this 15th day of October 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE